Brian Dion Lewis
FULL NAME

Same as Above
COMMITTED NAME (if different)

High Desert State Prison Bld.04 cell #129
FULL ADDRESS INCLUDING NAME OF INSTITUTION

P.O. Box 3030 Susanville, CA, 96127

H99807
PRISON NUMBER (if applicable)

**F I L E D**
CLERK, U.S. DISTRICT COURT

9/30/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: ___vav___ DEPUTY

RELATED DDJ

---

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DION LEWIS <br><br> PLAINTIFF, <br><br> v. <br><br> S. PARKS L.T.A <br> DEFENDANT(S). | CASE NUMBER **2:22-cv-07173-CJC-PD** <br> *To be supplied by the Clerk* <br><br> **CIVIL RIGHTS COMPLAINT PURSUANT TO** *(Check one)* <br> ☒ 42 U.S.C. § 1983 <br> ☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes ☒ No

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

On or about Jan. 9, 2022, Plaintiff Submitted a Declaration application along with the Current Courts Order bearing requirements that Plaintiff Should adhere To within 15 days of the Service of the order. Plaintiff's application was returned un Notice without response once submitted To Prison Library To gain entry. Plaintiff resubmitted forms Back To Prison Law Library Jan. 11, 2022, only To received Them Back Jan. 22, 2022, with an Notation indicating That The Plaintiff would attend Jan. 24, 2022, in which was the Plaintiff's Court Deadline. The Defendant Breached her agreement and failed to cur.

ɔ (7/97)

cont. P. 20F
(2) OF (2)

MC-031

| PLAINTIFF/PETITIONER: BRIAN DION LEWIS | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Ms. Parks, LTA Prison Official | GA082478 |

## DECLARATION

*(This form must be attached to another form or court paper before it can be filed in court.)*

Plaintiff in this civil action was unlawfully charged, and convicted of (4) counts of Second degree Robbery P.C. 212.5 (c) (1) count of Petty Theft w/Prior and (1 ct) of Second degree Burglary P. code 666 and 459.5(@). Petitioner filed a 1405 motion with the Sentencing Court in 2015, February 2016, the Motion was granted and PostConviction Counsle was appointed by the trial court to have DNA testing if Appropriate. 2018 the court futher granted Plaintiffs Motion to have the Item in question tested. 2019, Post Conviction Judge Ryan Williams Los Angeles County granted the Order Allowing the court to Pay $5,500.00 To Bode Technology April 4, 2019 to test the Object Claimed To had been used by the Plaintiff, The finding of the DNA analysis excluded Plaintiff Indicating 3 other Individuals DNA was detected. Plaintiff filed a Post Conviction Appeal with the Sentencing court for Factual and Actual Innocence. Presenting The Discovery Of Newly Scientific Exculpatory Evidence on or around November 2021, The Trial Court Responded Instructing Plaintiff to See court Rule 4.554 January 3, 2022 Plaintiff Mailed By Institutional Mailing Priority Library User (PLU) Request and Declaration to Corcoran State Prison liaison Ms. Parks. January 9, 2022, With Negitive Response. Enclosed with the Plaintiffs Request for (PLU) was a legal Court Document Stating the Court's Instructions and time Frame to file along with Court's Dead line of Jan. 24, 2022 On the 14th of Jan. 2022 The Request and court order was returned To Plaintiff with no response. The Plaintiff returned the forms Back To law library ms. Parks LTA. With An additional

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 18, 2022

Brian Dion Lewis
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for  ☒ Plaintiff  ☐ Petitioner  ☐ Defendant
☐ Respondent  ☐ Other *(Specify):*

Form Approved for Optional Use
Judicial Council of California
MC-031 [Rev. July 1, 2005]

## ATTACHED DECLARATION
Civil Rights Complaint

Page 1 of 1

MC-031

| PLAINTIFF/PETITIONER: BRIANDION LEWIS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MS. Parks, LTA Prison Official | GA082478 |

## DECLARATION

*(This form must be attached to another form or court paper before it can be filed in court.)*

Request asking as to why? was the Material sent forwarded back to Plaintiff unanswered. MS. Parks, LTA, responded succintly as shown in Plaintiff [Exhibit A] Lewis. I have scheduled you for monday, the 24th. That is the soonest you could attend. Please fill out form and bring with you. "Thanks" MS. Parks, LTA - It was a critical matter with respect to Plaintiff responding back to the Court to preserve the initial Petition before the required time suggested by the Court 1.24.2022. I found it ironic to say the least on multiple levels. (1) the request sent on the 9th of January Being returned Jan. 11, 2022 unanswered. (2) When the request was responded to it was 12 days later January 22, 2022, leaving the Plaintiff only 2 days to research and reply as the trial court had required. (3) January 24th 2022, MS. Parks as mention fraudulently created a false statement. This act was perpetrated with a culpable mind state. The Plaintiff never was scheduled on Jan. 24th 2022 to access the Prison Law Library when MS. Parks possessed the courts minute order in which clearly bared the court's dead line being NONE other than the exact same date MS. Parks claimed to the Plaintiff that he would then attend. It's obvious from the evidence Presented to this Court MS. Parks action were Malicious causing irreparable Injury to the Plaintiff. The Court forwarded a New Order as warned Jan. 24th 2022. Denying the Plaintiff Petition for failing to reply IN the time permitted 15 day to service the District Attorney or Attorney General. The Plaintiff was unaware of the Court's instructions in good faith due to MS. Parks Neglecting a legal matter entrusted in her to adhere to. Plaintiff was sentence to 51 years to life.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 18, 2022

Brian Dion Lewis

(TYPE OR PRINT NAME)

Brian Dion Lewis

(SIGNATURE OF DECLARANT)

☐ Attorney for  ☒ Plaintiff  ☐ Petitioner  ☐ Defendant
☐ Respondent  ☐ Other (Specify):

Form Approved for Optional Use
Judicial Council of California
MC-031 [Rev. July 1, 2005]

ATTACHED DECLARATION
Civil RIGHTS COMPLAINT

Page 1 of 1

Plaintiff/Petitioner BRIAN LEWIS    MC-031
Defendant/Respondent: MS. PARKS LTA (unofficial) CASE NO. GA082478

## Declaration

Denial of Access to legal Material Right to Access Plaintiff has factually provided to this Court in his Civil Claim that his injuries suffered was him Continue to be further restraint of Liberty while held in Custody at Corcoran State Prison. Here in, The Plaintiff placed several request to Corcoran State Prison's Law Library Liaison Ms. Parks, Bounds V. Smith, (1977) 430 U.S. 817, 828, 52 L. Ed 2d 72, 83, 97 S. Ct 1494; Milton V. Morris (9th Cir 1985) 767 F. 2d 1443; Leeds V. Watson, (9th Cir 1980) 630 F.2d 674; Younger V. Gilmore, (1971) 404 U.S. 15, 30 L. Ed 2d 142, 92 S ct 250; In re Harrell, (1970) 2 C.3d 675, 87 CR 504. The Constitution States: A prison, must provide all prisoners; including those in segregation, with either reasonable Physical access to a law library or legal assistance (such as trained inmate paralegals). Coluth v. Kansas, (9th Cir 1991) 951 F2d 1504. The facilities Liaison Ms. Parks, failed to provide the Plaintiff as to whats Mention above. Because of Such failure New Exculpatory Evidence proving Plaintiff's Assertion of Factual Innocence went unheard This Evidence would more than Likely would have exonerated the Plaintiff. A Prisoner litigating prose has the right to undertake the legal investigation and documentation of his or her claims in the manner that an attorney would, subject to security and discipline requirements of a prison. Valandingham V. Bojorquez, (9th Cir 1989) 866 F 2d 1135, 1141. There was No penological Interests nor was the Plaintiff undergoing any types of Restrictions which would have permitted him Access. Ms. Parks LTA was obligated to provide Constitutionally adequate Access to the Courts but failed to Adhere

I declare under Penalty of Perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 18th 2022

Brian Dion Lewis
(Print name)

Signature/Declarant
☒ Plaintiff

Civil Rights Complaint
Attached Declaration

CONT: MC-031   PA

| Plaintiff/Petitioner: BRIANDON LEWIS | Case Number: |
| Defendant/Respondent: MS. PARKS LTA Prison official | GA082478 |

## DECLARATION

On or around Jan. 9th 2022, Plaintiff requested law library access after receiving minute order in response to Habeas Corpus Petition Motion to the Court For Newly Discovered Exculpatory Evidence. The Order dated Jan. 3, 2022, reads as follows: The Respondent is requested to file an informal letter response to the Petition for a Writ of Habeas Corpus within 15 days of the Service of this Order. See Cal. R. Ct. A. 551 (B)(1)(A),(B)(2). This Response must be Served on the Petitioner. Petitioner may file a reply to the response within 15 days from the Date of Service of the informal response. See CAL. R. CT. A. 551 (B)(2).

Unless further Orders are issued by the Court, The matter will be deemed Submitted upon receipt of Petitioner's reply or after the Expiration of the time for filing the reply. The above order stated herein, was submitted with Plaintiff's request to Gain access to law library as required too be Scheduled Priority in order to satify Court's requirements Plaintiff forwarded a copy of the above mention Page 2 of the order States: The Further Proceeding Date of January 24, 2022, MS. Parks was Clearly aware of this order and Plaintiff's Stipulated deadline on 1.24.22, CDC rules Provide Prisoners with access to a law library. Each library has a Schedule, and inmates with Pending court deadlines are given higher Priority for law library access. ON Jan. 22, 2022, MS. Parks, LTA Mailed Plaintiff a Priority application Stated a Scheduled date 1.24.22, Ironically 1.24.22 was Plaintiff's Deadline date. MS. Parks, LTA Never Scheduled Plaintiff not even on the Date indicated.

civil Rights Complaint

cont. P. 2 of 5 (f) of (f)                                                    P5

| Plaintiff/Petitioner: BREANDTON LEWIS | MC-031 |
|---|---|
| Defendant/Respondent: MS. PARKS, LTA Prison Official | Case Number: GA082478 |

## DECLARATION

The Courts response to Plaintiff failure to respond due To inadequacies in law library   Reads: Date Printed: 01/24/22

Details listed at end of this Minute order.

Defendant is Not Present in court, And Not Represented By Counsel.

The People Represent That the Motion To Vacate was not Served.

The MOTION TO VACATE CONVICTION OR SENTENCE IS DENIED FOR FAILURE OF SERVICE TO THE DISTRICT ATTORNEY'S OFFICE OR THE ATTORNEY GENERAL'S OFFICE - Plaintiff's Motion to Vacate Sentence/ Conviction Never would have been denied if not for MS. Parks. LTA Negligence and deliberate indifference.

The Constitution guarantees Prisoners the right of meaningful access to the courts (Prisoners have fundamental Constitutional right to adequate, effective, and meaningful Access, to courts to Challenge violations of Constitutional rights) Lewis v. casey, 548 U.S. 343 (1996); see also Johnson v. Avery, 393 U.S. 483, 485 (1996) Prisoners' right of access to courts may not be denied or obstructed) see, e.g., Jackson v. Jamros, 411 F. 3d 615, 624 (6th Cir. 2005) The Plaintiff's case was, denied cause he wasn't afforded his constitutional right to access the Courts which prevented him to properly appeal state conviction. Trujillo v. williams, 465 F. 3d 1240. 1226-27 (10th Cir 2006) (Constitutional violation Shown only when failure to provide, legal assistence or library causes actual injury to prisoners contemplated or existing litigation); see, e. g., Sowell v. Jose, 941 F. 2d 32, 35 (1st Cir. 1991)

I declare under Penalty of Perjury under the Laws of the State of California that the foregoing is true and correct.

Date: 4.18.22

Brian Lewis
Print name

Civil Rights Complaint

Brian Lewis
Declarant

P6

CONt. P.20F5 — (c)of(c)

MC-031

| PLAINTIFF/PETITIONER: BRIAN DION LEWIS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MS. Parks, LTA Prison OFFicial | GA082478 |

## DECLARATION

*(This form must be attached to another form or court paper before it can be filed in court.)*

Plaintiff make Claim to this Court had their been Adequate in the library Plaintiff's case would have been assessed by the court resulting in an evidentiary hearing as the New Evidence Presented Pointed unerringly to the Plaintiff's assertion of innocence and would have undoubtably undermined the Prosecutor's case if Presented at the time of trial, Inadequacies in the Law library hindered the Plaintiff's ability to Pursue his case Pursuant to Presenting Newly Discovered DNA Evidence due to the deprivation of Physical access to law library, The Plaintiff was unlawfully given an imposition of 37 Years to life. The Courts denied the Plaintiff's Petition due to Short Comings in the library In which Caused a severe hinderance because he failed to Satisfy the courts requirements. MS. Parks, LTA deprived the Plaintiff the legal material needed to Appropriately and Efficiently Challenge his Criminal Conviction and Sentence. This was a total lack of moral ethnics due to deliberate indifference and Negligence. There was no Peneological interest where the facility was isolating it's Prison Population Due solely to that fact Being. Therefore, the injuries Suffered are irreparable. However, a claim based on the total lack of, or an inadequate law library, does not need to demonstrate such Specific Injury. Prisoner's have a 14th Amendment right to Meaningful access to the courts for the Purpose of Challenging their Confinement or conviction See, e.g., Lewis v. Casey (1996) 518 U.S. 343, 135 L Ed 2d 606, 116 S. Ct. 2474.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 18, 2022

Brian Dion Lewis
(TYPE OR PRINT NAME)

Brian Dion Lewis
(SIGNATURE OF DECLARANT)

☐ Attorney for ☒ Plaintiff ☐ Petitioner ☐ Defendant
☐ Respondent ☐ Other *(Specify):*

Form Approved for Optional Use
Judicial Council of California
MC-031 [Rev. July 1, 2005]

ATTACHED DECLARATION
Civil Rights Complaint

Page 1 of 1

## In Conclusion

This facility Plaintiff is Restraint of Liberty Currently in Custody in has further failed to abide by their own Departmental Policy. The Date of Plaintiff's Institutional Administrative Appeal was Budgated to be adhere to on or before 04.16.2022 This Mailing Date of Plaintiff's Court Claim is May 27, 2022, and still there has been no word or resolvement in Sole relation to that fact This was a contractual agreement to order and Answer and answering in this Critical Matter was a element to the Commercial Instrument. This was implied with fact and on obligations imposed and mandated by law.

Ms. Parks L.T.A had a legal right and duty as the Plaintiff in this Civil Action to Protect the Public interest of the Plaintiff individual right to Access the Courts, Contrary to that Given right The Defendant violated her duty by wrongful acts of omission to infringe upon the Plaintiff's Individual Interest against criminal liability with deliberate indifference, and discriminatory action.

The U.S. Constitution Protects it's citizens against Restraint of Liberty and from insult. Therefore Ms. Parks L.T.A The Defendant in this Civil Action requested by this Court Violated here imposed relative duties to grant Access when Access was warranted by the courts.

Civil Rights Complaint

P8.

## CONCLUSION

The Plaintiff's action Requested has Appropriately been set forth by supporting Documentation Promulgated by fact finding evidence in which clearly establishes merit with respect to his claim litigated to this court. Here, the plaintiff has done all he has been allowed and afforded acting diligently to satisfy the courts requirements, But yet was denied Physical law library access to research Properly the courts minute order. Our Fifth Amendment guarantees you and I due Process of law as does the 14th This is an extremely important statement. They can not take life, liberty or Property unless this requirement for due Process is followed. Our basic law holds this Precedence.

If the government does not obey a command of the document, anything that comes as a result does NOT follow due Process. Here A document of an active deadline to adhere to from a government official the courts clerk was Submitted to a Prison Government Official and because of this Plaintiff was denied the Constitutional right of due Process to Prove his Assertion of Innocence. Ignorance is No defense! Languishing in Prison on an illegal Conviction is a travesty. The Plaintiff here was denied a legal meaningful right to access the court it necessity is the plea for every infringement of human liberty; In this case argued I shall not be deprived the right to Prove my Innocence To Proclaim my liberty. The Evidence I Presented in my formal Instant Petition to the courts was DNA Evidence with Probative Value, But because of a serious deprivation was not Properly Assessed. This Facility has even failed to fully Exhaust The Plaintiff's

→ In Those regards Institutional Grievance. (4/16.22) NO ONE has interviewed →
→ [redacted] Resolve this issue. (4/18/22) for the reasons stated relief should Be therefore Awarded to the Plaintiff. Thankyou Sincerely.

a. Parties to this previous lawsuit:
   Plaintiff _____ Brian Dion Lewis _____

   Defendants _____ S. Parks L.T.A. Corcovan Prison Official, _____

b. Court _____ Kings County Superior Civil/Family Division. _____

c. Docket or case number _____ 22SN0054 _____

d. Name of judge to whom case was assigned _____ NoCona Soboleski _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _____ Still Pending Last hearing Date 8.25.2022, _____

f. Issues raised: _____ Deliberate Indifferent, Negligence, deprivation _____

g. Approximate date of filing lawsuit: _____ April 18, 2022 _____

h. Approximate date of disposition _____ Still Pending. _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes   ☐ No

   If your answer is no, explain why not _____

   _____

   _____

3. Is the grievance procedure completed? ☐ Yes   ☒ No

   If your answer is no, explain why not _____ The facility refuse to process due an Discriminatory Action Promulgated on retaliation. _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _____ Brian Dion Lewis _____
(print plaintiff's name)

who presently resides at _____ H.D.S.P. P.O. Box 3030 Susanville, CA 96127 _____ ,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____ S. Parks L.T.A Corcovan State Prison _____
(institution/city where violation occurred)

on (date or dates) __4.18.22_____, __9__ __22_____, _____.
                     (Claim I)             (Claim II)            (Claim III)

**NOTE:**    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant   __S. Parks L.T.A_____ resides or works at
                  (full name of first defendant)
                __4001 Kings Ave Corcoran, CA 93212_____
                  (full address of first defendant)
                __Law Library liaison_____
                  (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

The Defendant is a Government Official at a State Prison. and made a Sound Decision to go out-side the Color of law on her own Individual omission.

2.   Defendant   _____ resides or works at
                  (full name of first defendant)
                _____
                  (full address of first defendant)
                _____
                  (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____
_____

3.   Defendant   _____ resides or works at
                  (full name of first defendant)
                  _____
                  (full address of first defendant)
                _____
                  (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____
_____

4.  Defendant _____ resides or works at
    _____(full name of first defendant)_____

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

5.  Defendant _____ resides or works at
    _____(full name of first defendant)_____

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

Plaintiff was deprived Meaningful Access To Prison Law library. Plaintiff suffered a Servere deprivation of his Right to challenge the Government Commercial Case against him. The Plaintiff is unlawfully being retraint of his Liberty at High Desert State Prison The Defendant Maliciously deprived him the right afforded by the State and Federal Constitution of due-Process. She acted with wanton intent possessing a Culpable Mind State in the omission of The Defendants Deliberate Indifferent. The Plaintiff suffers Discriminatory Action, an a Retalitory Response. The Defendant was given and Provided the Courts Minute order with An active deadline of Jan, 24, 2022, The Plaintiff submitted that order 1, 9, 22, The Defendant had time to Adhere to. But based solely upon her own individual omission she chose to act with Negligence, and an Deliberate indifference.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without

citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each

DEFENDANT (by name) did to violate your right.

① On The date of Jan. 9, 2022, the Plaintiff requested to gain access to ultilize the legal Material in Side the CorCoran Prison Law library. ② Being That the Plaintiff was undergoing a Post Conviction Case Consisting of Newly Discovered (DNA) evidence. ③ The Conviction Plaintiff is under unlawful retraint is deem legally Wrongful. ④ Jan 9th 2022, S, Parks CorCoran State Prison Official decided to discard Plaintiffs Court Order sent to her By the Plaintiff. ⑤ The Order is Dated: 1.3. 2022, requiring Plaintiff to adhere to the entailed requirement in the Courts Order with the time instructed By the Court In Which IN the Case of the Plaintiff was (15 days). From the Date filed being a dead line of 1, 24, 2022, But she abruptly delayed the Proce of that order even though She were IN fact Aware of Its Dead line This Caused a Server deprivation upon the Plaintiff in this matter.

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

Because S. Parks L.T.A. Defendant Did not abide by applicable statutes of limitations, procedural deadlines or time constraints. This cause the Plaintiff emotional distress, pain and Suffering. The defendant in this matter was substantially certain that such distress would result from her conduct. This defendant's omission was Not Predicated on incompetency, But more so melicion to sabotage the Plaintiff post Conviction of Newly Discovery of Scientific Evidence to the Court that would had more than likely vindicated the Plaintiff from duress.

①  The damages should be awarded to compensate the Plaintiff for his emotional anguish at being incarcerated because of wrongful conviction. The defendant's act of deliberate Indifferent ~~deprived~~ the Plaintiff to challenged his Conviction which is guaranteed under the 14th Amendment. To be afforded the right to meaningful Access to the courts with out the means of deprivation. This is not promulgated on the Plaintiff's desire or need or any type of Financial INterest. The defendant fail to follow appropriate administrative Procedure, which states: without Ambiguity CDC rules provide Prisoners with access to a law library, each library has a schedule, and prisoners with pending court deadlines are given higher Priority for law library Access. This was not the case in the matter of the Plaintiff in the action requested. Therefore, the Plaintiff seeks money Damages. The defendant endorse a contract and decided by her own Negligence to Breach that Agreement, and this Cause the Plaintiff Newly DNA Evidence To Not be considered by the sentencing Court, due solely To The defendant's Actions taken. So Restitution on Behalf of the Plaintiff should be Rewarded.

Sep.         2022,          [signature]
  (Date)                           (Signature of Plaintiff)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

*Lewis, I have scheduled you for Monday, the 24th. That is the soonest you could attend. Please fill out form and bring with you. Thanks,*

*Mrs. Parks, LTA*

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
PRIORITY LIBRARY USER (PLU) REQUEST AND DECLARATION
CDCR 2171 (9/09)

# PRIORITY LIBRARY USER (PLU) REQUEST AND DECLARATION

Date of Request: __1__ / __24__ / __22__

Inmates Full Name (Print Legibly): Briandion Lewis      CDCR #: H99807

Complete Inmate Housing Assignment Information:
4A4L Cell #43

---

Complete sections A through D below to describe your established court deadline and certify your eligibility for Priority Legal User (PLU) status.

**A. My established court deadline is based on** (check one and provide information):
A court imposed deadline for an active case **(ATTACH COURT DOCUMENT SHOWING THE DEADLINE).**
Specify court (e.g., Kern County Superior Court): Los Angeles
Specify case number: GA082478
OR
A statutory deadline.
Identify the statute or court rule that compels the deadline: A.551

**B. My deadline pertains to a(n)** (check one and provide information if needed):
☒ Writ of habeas corpus ☐ State or Federal action concerning prison conditions
☐ Appeal of criminal conviction ☐ Petition for certiorari concerning criminal conviction
☐ Other legal action (specify) New History Scientific Evidence

**C. The day of my established court deadline is:** __02__ / __18__ / __22__   was 1.24.22 Asked for
(MM) (DD) (YY)   Extention.

**D. Inmate's self certification of eligibility.** (Check all that apply. Sign and date below):
☒ I am not represented by an attorney.
☐ I am working on, and will only work on, my individual case.

I certify that all of the above information is true and correct. I understand that my application for PLU status, or the granting of my PLU status, will be revoked for falsifying information on this request; and that I will be guilty of an administrative rule violation.

Inmate's Signature: Brian di Lewis      CDCR #: H99807      Date: 01 / 24 / 22

---

CDCR Staff Use Only
PLU status is GRANTED
Priority Legal User (PLU) status **begins** on _____ / _____ / _____
Priority Legal User (PLU) status **ends** on _____ / _____ / _____
PLU status is DENIED for the following reason(s):

_____

_____

Reviewing Staff Certification:
I have reviewed this request and before granting this request I have verified that the requesting inmate has a valid court deadline that has been established by a Court, Statute, or Rules of Court.

_____   _____ / _____ / _____
Reviewing Staff Name (Print) Staff Signature      Date

Copy Distribution: 1 of 2 Inmate 3 Chrono 4 Litigation 5 Facility Captain or Designee

MINUTE ORDER
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE PRINTED: 01/03/22

------------------------------------------------------------------------
CASE NO. GA082478

THE PEOPLE OF THE STATE OF CALIFORNIA
                      VS.
DEFENDANT 01:  BRIAN  LEWIS

------------------------------------------------------------------------

INFORMATION FILED ON 11/21/11.

COUNT 01: 211 PC FEL
COUNT 02: 211 PC FEL
COUNT 03: 211 PC FEL
COUNT 04: 211 PC FEL
COUNT 05: 666(B) PC FEL
COUNT 06: 459.5(A) PC MISD


ON 01/03/22 AT  830 AM  IN NORTHEAST DISTRICT DEPT NEC

CASE CALLED FOR JUDICIAL ACTION

PARTIES: DARRELL MAVIS (JUDGE)  YVETTE LAVALLE  (CLERK)
         NONE      (REP)  NONE  (DDA)

DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL

******NO LEGAL FILE******
.

THE RESPONDENT IS REQUESTED TO FILE AN INFORMAL LETTER RESPONSE
TO THE PETITION FOR A WRIT OF HABEAS CORPUS WITHIN 15 DAYS OF
THE SERVICE OF THIS ORDER.  SEE CAL. R. CT. 4.551(B)(1)(A),
(B)(2).  THIS RESPONSE MUST BE SERVED ON THE PETITIONER.
PETITIONER MAY FILE A REPLY TO THE RESPONSE WITHIN 15 DAYS
FROM THE DATE OF SERVICE OF THE INFORMAL RESPONSE.  SEE CAL. R.
CT. 4.551(B)(2).
UNLESS FURTHER ORDERS ARE ISSUED BY THE COURT, THE MATTER
WILL BE DEEMED SUBMITTED UPON RECEIPT OF PETITIONER'S REPLY OR
AFTER THE EXPIRATION OF THE TIME FOR FILING THE REPLY
.
THE CLERK IS TO GIVE NOTICE.
.
A COPY OF THE ORDER REQUESTING INFORMAL RESPONSE TO PETITION
FOR WRIT OF HABEAS CORPUS AND OF THIS MINUTE ORDER IS MAILED

                                        JUDICIAL ACTION
                    PAGE NO.   1        HEARING DATE: 01/03/22

```
CASE NO. GA082478
DEF NO.  01                                   DATE PRINTED 01/03/22

VIA U.S. MAIL TO THE FOLLOWING:
.
LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE
HABEAS UNIT
320 W. TEMPLE ST.
SUITE 540
LOS ANGELES, CA.  90012.
.
BRIAN LEWIS
CORCORAN STATE PRISON
CDC # H99807
P.O. BOX 3473
CORCORAN, CA.  93212


.
.
THE FURTHER PROCEEDINGS DATE OF JANUARY 24, 2022, IS FOR
COURT TRACKING PURPOSES ONLY.

NEXT SCHEDULED EVENT:
01/24/22   830 AM  FURTHER PROCEEDINGS   DIST NORTHEAST DISTRICT DEPT NEC
```

JUDICIAL ACTION
                                                   HEARING DATE: 01/03/22

my Petition Of Actual Innocence though Post Conviction

DNA testing. In 2010 I was infact wrongfully

Convicted. That Petition I filed To The Court

11 ᴏ.ᴀ.21 ~~was~~ Post Con Viction DNA Evidence.

STATE OF CALIFORNIA
**INMATE REQUEST FOR INTERVIEW**
GA-22 (Rev. 10/13)                                              DEPARTMENT OF CORRECTIONS & REHABILIATION

1. Date sent 13.1.1        **INMATE REQUEST FOR INTERVIEW**

| DATE 1/31/22 | TO Ms. Parks Law Library | FROM (LAST NAME) Lewis | | CDCR NUMBER H99807 |
|---|---|---|---|---|
| HOUSING 4A7L | BED NUMBER 43 | WORK ASSIGNMENT | JOB NUMBER FROM | TO |
| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | | | ASSIGNMENT HOURS FROM | TO |

Clearly state your reason for requesting this interview.
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

This request is in sole reference to your Discriminatory action
when theres no penological Interrest that warrants definitive
definition as to why access as scheduled by Yourself was not
Granted. Due to inadequacie to gain access this is hindering my
Ability to Pursue a legal claim and has cause the Court to deny

Do NOT write below this line. If more space is required, write on back

INTERVIEWED BY J. Parks, LTA        ———→        DATE RESPONDED 2/7/22   DATE 2/7/22

DISPOSITION
~~You were PLU~~ 12/16/21 - 1/3/22 . You were up when you
~~were~~ scheduled for 12/20/21, 12/23/21,
& you were not PLU. I have only been authorized to bring
up PLU not GLU at this time. Please use attached forms (to)
(over)

access to a law library. Each library has a schedule,
and inmates with Pending Court deadlines are
Given higher Priority for law Library Access
This Constitutional Right Provides law Library Access
IF I Am Not rescheduled with out Pur Pose for delay I will
Goon "Hunger strike" or File a small Court Claim.



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** LEWIS, BRIAN

**CDC#:** H99807

**Current Location:** COR-Facility 04A

**Date:** 02/22/2022

**Current Area/Bed:** 04AA1LC1 - 043001L

**Log #:** 000000223396

---

### Claim #: 001

| | |
|---|---|
| **Received at Institution/Parole Region:** | California State Prison, Corcoran |
| **Submitted to Facility/Parole District:** | California State Prison, Corcoran |
| **Housing Area/Parole Unit:** | |

**Category:** Offender Services        **Sub-Category:** Other Services - NOS

The California Department of Corrections and Rehabilitation received your grievance on 02/14/2022 which you submitted on 02/11/2022. Your request for an interview, item, assistance, or service was redirected to appropriate staff in accordance with the California Code of Regulations, title 15.

Your request will be addressed by appropriate staff at California State Prison, Corcoran, as determined by the Reviewing Authority.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Redirected**

 **CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# CLAIMANT GRIEVANCE RECEIPT
# ACKNOWLEDGMENT

**Offender Name:** LEWIS, BRIAN                    **CDC#:** H99807

**Date:** 02/14/2022

**Current Location:** COR-Facility 04A              **Current Area/Bed:** 04AA1LC1043001L

**From:** Office of Grievances at California State Prison, Corcoran

**Re:** Log # 000000223396

The California Department of Corrections and Rehabilitation Office of Grievances at California State Prison, Corcoran received your grievance on 02/14/2022. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 04/16/2022.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (03/20)

Imminent Emergency

(Double Sided)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

FEB Page 1 of 2

| **STAFF USE ONLY** | Grievance #: 22 3396 | Date Received: |
|---|---|---|
| | Date Due: | |
| | Categories: | |

_This is the process to ask for help with a complaint._

Claimant Name: Brian D. Lewis    CDCR #: A99807    Current Housing/Parole Unit: 4A4L#43

Institution/Facility/Parole Region: Corcoran SHU

In order for the Department to understand your complaint, make sure you have answered the following questions:

- What is the nature of your complaint?
- When and where did the complaint occur?
- Who was involved?
- Which specific people can support your complaint?
- Did you try to informally resolve the complaint?
- What rule or policy are you relying on to make your complaint?
- Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned.
- What specific action would resolve your complaint?

The nature of this complaint is Negligence, Deliberate Indifference, Depriving Applicant The fundamental Right to Access to the Court. On or about January 5, 2022, Applicant received an order from the Court Dated 1.3.22 (requesting an Informal Respondent letter to be served on the Petitioner (Applicant) By 1.24.22) and for the petitioner to reply in 15 days, And to see Cal. R. Ct. 4.551. Applicant thereafter sent an Priority Declaration (PLU) Application to law library along with Court order In which stated the Court Deadline on or Around Jan, 9, 22, On are Around January 11, 22 the Document where returned with out Notice or Answer. Applicant resubmitted the mention forms along with a 22 form back to the Law library. Around the 24th of Jan, 22 Applicant received an response from a MS. Parks LTA with a New PLU priority Application Stating By Ms. Parks At the head of the Application that the Applicant would be Called No sooner than the 24th of January. Applicant found this troubling being the time schedule By MS. Parks indicated the Courts deadline for Applicant to respond. Monday the 24 CAME, and went the Applicant was not called to Access the Courts. People involved: Ms. Parks CO. Garcia, Ramon, and an unidentified Sgt. are aware of this issue As to their involvement in this matter
- The Above named Individuals mention can support applicants contentions expressed in this Appeal. As widely Expressed here in, Applicant sought resolution with negitive response. Bld 4A4L officer Garcia Contacted MS. Parks January 25, and February 9, 2022

DISTRIBUTION    Original: Offender's File    Copies: DAI, DAPO, and Offender

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

MS. Parks Conveyed to 4A1L Officer GARCIA via Telephone ~~that~~ that the Applicant was not scheduled to Attend, and she further continue to refer to Applicant as "Harris". Applicant name is Lewis. Ms. Parks told Officer GARCIA, on Febuary 9, 2022 That the time on the order requesting Applicant to reply was over. Applicant Petition was Denied 1.24.22, for Failure to Service the District Attorney. Solely due to Ms. Parks Negligence and Deliberate Indifferent In which caused A Deprivation. Applicant bares No liability for Ms. Parks extreme, and outrageous Negligence, when wanton and malicious. The writing on this Complaint Relies on U.S. Constition, and Administrative law.

In the absence of a legitimate administrative Concern, a Prisoner may Not be hindered in seeking access to the Judicial system. Because of this deprivation my Appeal in which would have Potentially Exonerated applicant for duress was denied the damage here is irreparable Applicant suffers mental Anguish. This has harm and actual injury to Applicants existing litigation. MS. Parks did not follow approbate Procedures. I've written to MS. Parks Prior with Negitive response. *Applicant can Prove that in fact* he first tried to resolve his Problem within Prison Channels. MS. Parks failed to adhere to Applicants deadline. and due to her Negligence Applicant's Petition to vacate his Sentence and Convic tion on Newly Scientific Evidence for wrongful Conviction was denied. Because of MS. Parks discardment as widely Expressed herein, has caused Applicant emotional Distress. Applicant is Substantially Certain such distress is from the result of MS. Parks Conduct. Applicant is an indeterminate Prisoner whose Petition was Promulgated on DNA Newly Discovered Evidence, and was denied due to MS. Parks LTA Incompetence. Administra of inadequate treatment by Poorly trained Official's only violates due Process if the inadequate treatment is the result of "Deliberate Indifferent". The Constitution guarantees Prisoner's the Right of Meaningful Access to the Court.

**Reminder:** Please attach all documents in your possession that support your claim(s). *Have Documents But no Cop*

Please note that this form and supporting documents will not be returned to you.

Claimant Signature ~~Brian Jim Lewis~~                    Date Signed: 2.18.22

**DISTRIBUTION**      **Original:** Offender's File      **Copies:** DAI, DAPO, and Offender

ATTACHMENT A

STATE OF CALIFORNIA
CDCR 3022A (REV. 03/14)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# DAILY PROGRAM STATUS REPORT PART A – PLAN OF OPERATION / STAFF & INMATE NOTIFICATION

*Describe only this reporting period's specific Plan of Operation*
*Upon completion, distribute to ensure all staff and inmate awareness*

| PLAN EFFECTIVE FOR DATE: January 25, 2022 | INSTITUTION: California State Prison-Corcoran | PROGRAM STATUS NUMBER: COR-0CS-22-002 |
|---|---|---|

| ☐ NORMAL PROGRAM | ☒ MODIFIED PROGRAM | ☐ LOCKDOWN | ☐ STATE OF EMERGENCY ☐ Approved  ☐ Disapproved |
|---|---|---|---|
| ☐ INITIAL | | ☒ UPDATE | ☐ CLOSURE |

## RELATED INFORMATION (CHECK ALL THAT APPLY)

| AREA AFFECTED | | INMATES AFFECTED | REASON |
|---|---|---|---|
| ☒ INSTITUTION: | CSP- Corcoran | ☒ ALL (Except Inmates assigned to CTC or Restricted Housing Units) | ☐ BATTERY |
| ☒ FACILITY: | 3A,3B,3C,4B,4A, MSF | ☐ SECURITY THREAT GROUP(S): | ☐ DEATH |
| ☒ HOUSING UNIT: | ALL | | ☐ RIOT / DISTURBANCE |
| ☐ HOUSING LEVEL: | | | ☐ THREATS |
| ☐ OTHER: | | ☐ OTHER | ☐ CONTINUING VIOLENCE |
| | | | ☐ MEDICAL QUARANTINE |
| | | | ☒ OTHER: Statewide Mandatory COVID-19 Modified Program |

| MOVEMENT | WORKERS | DAYROOM |
|---|---|---|
| ☐ NORMAL | ☐ NORMAL | ☐ NORMAL |
| ☒ ESCORT ALL MOVEMENT (Social distancing shall be adhered to) | ☒ CRITICAL WORKERS: Appropriate PPE and N95 mask required at all times. | ☐ NO DAYROOM ACTIVITIES |
| ☐ UNCLOTHED BODY SEARCH PRIOR TO ESCORT | ☐ CULINARY | ☒ MODIFIED: One Section One Tier at a time. |
| ☐ IN RESTRAINTS | ☐ CLERKS | |
| ☐ CONTROLLED MOVEMENT | ☒ VOCATION/EDUCATION: In Cell Only | RECREATION |
| ☐ OTHER: | ☐ CANTEEN | ☐ NORMAL |
| | ☐ CLOTHING ROOM | ☐ NO RECREATIONAL ACTIVITIES |
| FEEDING | ☐ RESTRICTED WORK PROGRAM | ☒ MODIFIED: One housing unit at a time. |
| | ☒ PORTERS: Appropriate PPE and N95 mask required at all times. | |
| ☐ NORMAL | ☐ NO INMATE WORKERS | CANTEEN |
| ☒ CELL FEEDING | | ☐ NORMAL |
| ☒ CONTROLLED FEEDING: In Dining Hall MSF Only (Social distancing be adhered to) | ☐ OTHER: | ☐ NO CANTEEN |
| ☒ HOUSING UNIT/DORM AT A TIME: MSF | SHOWERS | ☒ MODIFIED: Issued at cell front |
| | ☒ NORMAL (Cleaned by porters between each use) | |
| ☐ DORM / POD AT A TIME | | PACKAGES |
| ☐ TIER AT A TIME | ☐ ESCORTED | ☒ NORMAL |
| ☐ HOUSING UNIT SECTION AT A TIME | ☐ ONE INMATE PER SHOWER – OWN TIER | ☐ NO PACKAGES |
| ☐ SACK MEAL BREAKFAST | ☐ CELL PARTNERS TOGETHER – OWN TIER | ☐ MODIFIED: |
| ☒ SACK MEAL LUNCH | ☐ DORM SHOWERING BY GROUP | |
| ☐ SACK MEAL DINNER | ☐ CRITICAL WORKERS ONLY | |
| DUCATS | ☐ NO SHOWERS | PHONE CALLS |
| | HEALTH CARE SERVICES | ☒ NORMAL (Cleaned by porters between each use) |
| ☐ NORMAL | ☐ NORMAL PROGRAM | ☐ NO PHONE CALLS |
| ☐ CLASSIFICATION DUCATS | ☒ PRIORITY DUCATS ONLY | ☐ LEGAL CALLS |
| ☒ PRIORITY DUCATS ONLY | ☐ CONDUCT ROUNDS IN UNITS | ☐ MODIFIED: |
| ☐ OTHER: | ☐ ESCORTED TO TREATMENT AREA | RELIGIOUS SERVICES |
| VISITING | ☐ EMERGENCY ONLY | ☐ NORMAL |
| ☐ NORMAL VISITING | ☒ MEDICATION DISTRIBUTION | ☒ CHAPLAINS CONDUCT ROUNDS |
| ☐ NON-CONTACT ONLY | LAW LIBRARY | ☒ MODIFIED: Cell Front |
| ☒ NO GENERAL VISITING | | |
| ☒ LEGAL VISITING Urgent/Emergency, via telephone or video conference where available | ☐ NORMAL | |
| ☒ OTHER: Video Visiting Permitted | ☒ PLU  ☐ GLU: Paging Services | |

*No reason why I Shouldn't HAVe AtTended As scheduled.*

ATTACHMENT A

STATE OF CALIFORNIA
CDCR 3022A (REV. 03/14)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**REMARKS:** On Sunday, January 9, 2022, CDCR is initiating a Statewide Mandatory COVID-19 Modified Program (See memorandum titled, COVID-19 Mandatory 15-Day Modified Program, authored by DAI Director C. Gipson and CCHCS Director J. Bick, dated January 6, 2022). Health Care Services limited to essential clinical services including urgent/emergent and priority ducats. Mental Health rounds will be conducted at the cell front. Medical staff shall circulate within the housing units for collection/distribution of Health Care Services Request Form (CDCR 7362) and ensure documentation in the housing unit logbooks.

| REVIEWED BY: | DATE: 1/25/2022 | NAME / SIGNATURE (WARDEN) DATE. 1/29/22 Ken Clark | NAME/SIGNATURE (ASSOCIATE DIRECTOR) DATE: (REQUIRED FOR INITIAL, CLOSURE, & STATE OF EMERGENCY) M. Atchley, Associate Director (A) |
|---|---|---|---|

MINUTE ORDER
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE PRINTED: 01/24/22

-----------------------------------------------------------------------
CASE NO. GA082478

THE PEOPLE OF THE STATE OF CALIFORNIA
                              VS.
DEFENDANT 01:  BRIAN  LEWIS

-----------------------------------------------------------------------

NUNC PRO TUNC ORDER PREPARED. IT APPEARING TO THE COURT THAT THE MINUTE ORDER

IN THE ABOVE ENTITLED ACTION DOES NOT PROPERLY REFLECT THE COURT'S ORDER. SAID
MINUTE ORDER IS AMENDED NUNC PRO TUNC AS OF THAT DATE.  ALL OTHER ORDERS ARE TO
 REMAIN IN FULL FORCE AND EFFECT. DETAILS LISTED AT END OF THIS MINUTE ORDER.

INFORMATION FILED ON 11/21/11.

COUNT 01: 211 PC FEL
COUNT 02: 211 PC FEL
COUNT 03: 211 PC FEL
COUNT 04: 211 PC FEL
COUNT 05: 666(B) PC FEL
COUNT 06: 459.5(A) PC MISD


ON 01/24/22 AT  830 AM  IN NORTHEAST DISTRICT DEPT NEC

CASE CALLED FOR FURTHER PROCEEDINGS

PARTIES: DARRELL MAVIS (JUDGE)  YVETTE LAVALLE  (CLERK)
         MARTHA EMERICH      (REP)  THOMAS KRAG  (DA)


DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL

******NO LEGAL FILE******
.
THE PEOPLE REPRESENT THAT THE MOTION TO VACATE WAS NOT
SERVED.
.
THE MOTION TO VACATE CONVICTION OR SENTENCE IS DENIED FOR
FAILURE OF SERVICE TO THE DISTRICT ATTORNEY'S OFFICE OR THE
ATTORNEY GENERAL'S OFFICE.
.
A COPY OF THIS MINUTE ORDER IS MAILED VIA U.S. MAIL TO THE
FOLLOWING:
BRIAN LEWIS
CORCORAN STATE PRISON
CDC #H99807


                                    FURTHER PROCEEDINGS
                   PAGE NO.   1     HEARING DATE: 01/24/22

CASE NO. GA082478
DEF NO.  01

DATE PRINTED 01/24/22

P.O. BOX 3473
CORCORAN, CA.  93212
.
.
(NUNC LANGUAGE IS IN ERROR)

NEXT SCHEDULED EVENT:
PROCEEDINGS TERMINATED

FURTHER PROCEEDINGS
                                  HEARING DATE: 01/24/22

STATE OF CALIFORNIA
**INMATE REQUEST FOR INTERVIEW**
GA-22 (Rev. 10/13)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS & REHABIL

DATE
2.6.22

TO
MS. Parks Law Librarian

HOUSING
4A1L

BED NUMBER
43

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)

WORK ASSIGNMENT

FROM (LAST NAME)
Lewis

JOB NUMBER
FROM　　TO

ASSIGNMENT HOURS
FROM　　TO

CDCR NUMBER
HC980

You will be called in for interview in the near future if the matter cannot be handled by correspondence

Clearly state your reason for requesting this interview.

I have submitted multiple request to gain access
To the Premeses of that facility in sole regards to
The Law Library. As you're aware I have an active case
That requires An Immediate response Need to gain Access A.S.A.P.

INTERVIEWED BY

DISPOSITION

*Do NOT write below this line. If more space is required, write on back.*

LAW LIBRARY IS FOR P.L.U Right Now
FILL OUT FORMS AND RETURN WELL TRY AND
ACCOMODATE / FIND WHAT YOU NEED.

DATE
2/28/22  Thank you

4/29/22

```
CASE NO. GA082478                              PAGE NO. 123
DEF NO.  01                                    DATE PRINTED 07/28/16
```

ON 02/25/16 AT  200 PM  IN CENTRAL DISTRICT DEPT 100

CASE CALLED FOR JUDICIAL ACTION
PARTIES: WILLIAM C. RYAN (JUDGE)  BLANCA PEREZ  (CLERK)
              NONE        (REP)  NONE  (DDA)
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  *************************NO LEGAL FILE***********************
  .

  ORDER RE: REQUEST FOR THE APPOINTMENT OF COUNSEL FOR DNA TESTING
        (PEN. CODE, § 1405)
  .

  ***IN CHAMBERS
  .

  REQUEST FOR THE APPOINTMENT OF COUNSEL TO FILE A MOTION FOR DNA
  TESTING BY BRIAN DION LEWIS, PRO SE.  NO APPEARANCE BY A
  RESPONDENT.  GRANTED.
  .


            FOR ADDITIONAL INFORMATION PRESS PA1 KEY          * MCAS *
```

CASE NO. GA082478                           PAGE NO. 124
DEF NO.  01                                 DATE PRINTED 07/28/16

IN 2012, PETITIONER WAS CONVICTED OF BURGLARY, PETTY THEFT WITH
A PRIOR CONVICTION, AND THREE COUNTS OF SECOND-DEGREE ROBBERY.
THE HONORABLE DARRELL MAVIS FOUND TRUE VARIOUS SENTENCE
ENHANCEMENT ALLEGATIONS, AND SENTENCED PETITIONER TO 37 YEARS TO
LIFE PURSUANT TO THE THREE STRIKES LAW.  THE SECOND DISTRICT
COURT OF APPEAL SUBSEQUENTLY REVERSED THE PETTY THEFT WITH A
PRIOR CONVICTION, BUT OTHERWISE AFFIRMED THE REMAINDER OF THE
JUDGMENT.  (PEOPLE V. LEWIS (AUG. 27, 2013, B241490) [NONPUB.
OPN.].)

ON FEBRUARY 10, 2015, PETITIONER FILED A PETITION FOR A RECALL
OF HIS BURGLARY SENTENCE PURSUANT TO THE SAFE NEIGHBORHOODS AND
SCHOOLS ACT (PEN. CODE, § 1170.18) , COMMONLY REFERRED TO AS
PROPOSITION 47.  JUDGE MAVIS GRANTED THE PETITION, REDUCING
PETITIONER'S BURGLARY CONVICTION TO SHOPLIFTING, AND
RESENTENCING HIM TO A ONE-YEAR STAYED SENTENCE IN COUNTY JAIL.


              FOR ADDITIONAL INFORMATION PRESS PA1 KEY              * MCAS *

CASE NO. GA082478                                    PAGE NO. 125
DEF NO.  01                                          DATE PRINTED 07/28/16

ON FEBRUARY 9, 2016, PETITIONER FILED THE INSTANT REQUEST FOR
THE APPOINTMENT OF COUNSEL TO FILE A MOTION FOR DEOXYRIBONUCLEIC
ACID (DNA) TESTING PURSUANT TO SECTION 1405.  ACCORDING TO
PETITIONER, "A[N] OBJECT WAS LEFT, AND REQUIRED TO BE ANALYZED
BY A FORENSIC SPECIALIST OF THE PASADENA CRIMINAL INVESTIGATION
DIVISION, BUT WAS NEVER TESTED WHICH WOULD HAVE PROVED IN A
COURT OF LAW THAT PETITIONER WAS NOT THE MAN IN SOLE POSSESSION
OF THE OBJECT. THIS EXAMINATION WILL EXONERATE PETITIONER FROM
DURESS."

THE 2013 COURT OF APPEAL OPINION STATES, IN PERTINENT PART:
"[T]HE CRIMINALIST DISPATCHED TO THE SCENE THAT AFTERNOON
EXPLAINED THAT HE DID NOT TAKE ANY DNA SAMPLES BECAUSE SO MANY
PEOPLE HAD BEEN IN CLOSE PROXIMITY AND EVEN TOUCHED THE RELEVANT
ITEMS, [SO] NO USEFUL INFORMATION COULD BE GLEANED.  HE DUSTED
THE ITEMS FOR LATENT FINGERPRINTS, BUT DID NOT FIND ANY USEABLE
ONES.  [] A DNA EXPERT TESTIFIED THAT, IN HIS OPINION AND

                FOR ADDITIONAL INFORMATION PRESS PA1 KEY          * MCAS *

CASE NO. GA082478                          PAGE NO. 126
DEF NO.  01                                DATE PRINTED 07/28/16

CONTRARY TO THE TESTIMONY OF THE POLICE DEPARTMENT CRIMINALIST,
USEABLE DNA COULD HAVE BEEN OBTAINED FROM THE BOLT CUTTERS EVEN
THOUGH PEOPLE IN ADDITION TO THE SUSPECT MAY HAVE ALSO LEFT SOME
DNA ON THEM."  (LEWIS, SUPRA, AT P. 3.)

IT THEREFORE APPEARS THERE IS NO DNA EVIDENCE TO BE TESTED IN
THIS CASE.  HOWEVER, FOR REASONS UNKNOWN, SUBDIVISION (B) OF
SECTION 1405 DOES NOT REQUIRE THE EXISTENCE OF DNA EVIDENCE IN
ORDER FOR AN INDIGENT CONVICTED PERSON TO BE ENTITLED TO THE
APPOINTMENT OF COUNSEL.  ACCORDING TO THE STATUTE, A REQUEST FOR
THE APPOINTMENT OF COUNSEL MUST INCLUDE THE CONVICTED PERSON'S
STATEMENT (1) THAT HE WAS NOT THE PERPETRATOR OF THE UNDERLYING
OFFENSE, (2) THAT HE HAS NOT PREVIOUSLY HAD COUNSEL APPOINTED
UNDER SECTION 1405, AND (3) EXPLAINING HOW DNA TESTING MAY BE
RELEVANT TO HIS ASSERTION OF INNOCENCE.  (§ 1405, SUBD. (B)(1).)
PETITIONER HAS SATISFIED THE AFOREMENTIONED STATUTORY
REQUIREMENTS.  WHEN THE PETITIONER HAS INCLUDED ALL OF THE

                FOR ADDITIONAL INFORMATION PRESS PA1 KEY          * MCAS *

INFORMATION REQUIRED IN SECTION 1405, SUBDIVISION (B)(1), AND
COUNSEL HAS NOT PREVIOUSLY BEEN APPOINTED PURSUANT TO SECTION
1405, THE COURT "SHALL APPOINT COUNSEL TO INVESTIGATE AND, IF
APPROPRIATE, TO FILE A MOTION FOR DNA TESTING UNDER THIS SECTION
AND TO REPRESENT THE PERSON SOLELY FOR THE PURPOSE OF OBTAINING
DNA TESTING UNDER THIS SECTION."  (§ 1405, SUBD. (B)(3).)

IT SEEMS IMPRUDENT TO APPOINT COUNSEL TO INVESTIGATE THE FILING
OF A MOTION FOR DNA
TESTING WHEN IT IS CLEAR THAT NO DNA EVIDENCE ACTUALLY EXISTS.
NEVERTHELESS, THE COURT IS BOUND TO APPLY THE LETTER OF THE LAW
ENACTED BY THE LEGISLATURE.  (IN RE KINNAMON (2005) 133
CAL.APP.4TH 316, 321 ["IF THERE IS NO AMBIGUITY IN THE LANGUAGE
OF THE STATUTE, THEN THE LEGISLATURE IS PRESUMED TO HAVE MEANT
WHAT IT SAID, AND THE PLAIN MEANING OF THE LANGUAGE GOVERNS"].)
BECAUSE PETITIONER SATISFIED THE REQUIREMENTS SET FORTH IN
SUBDIVISION (B)(1) OF SECTION 1405, THE COURT MUST APPOINT

FOR ADDITIONAL INFORMATION PRESS PA1 KEY              * MCAS *

CASE NO. GA082478                          PAGE NO. 128
DEF NO.  01                                DATE PRINTED 07/28/16

COUNSEL TO INVESTIGATE AND, IF APPROPRIATE, TO FILE A MOTION FOR
DNA TESTING UNDER THIS SECTION.  (ID. AT P. 323; § 1405, SUBD.
(B)(3)(A).)
.
BASED ON THE FOREGOING, PETITIONER'S REQUEST FOR THE APPOINTMENT
OF COUNSEL IS GRANTED.  AS PETITIONER WAS REPRESENTED BY DEPUTY
PUBLIC DEFENDER FREDERICK BRENNAN AT TRIAL, THE COURT APPOINTS
THE OFFICE OF THE PUBLIC DEFENDER, PUBLIC INTEGRITY ASSURANCE
SECTION, AS COUNSEL OF RECORD SOLELY FOR THE PURPOSE OF
INVESTIGATING AND, IF APPROPRIATE, FILING A MOTION FOR DNA
TESTING UNDER SECTION 1405.
.
THE CLERK IS ORDERED TO SERVE A COPY OF THIS ORDER UPON
PETITIONER.  THE CLERK IS FURTHER DIRECTED TO SERVE A COPY OF
THIS ORDER, ALONG WITH PETITIONER'S FEBRUARY 9, 2016 MOTION,
UPON THE OFFICE OF THE PUBLIC DEFENDER PUBLIC INTEGRITY
ASSURANCE SECTION, AND UPON THE OFFICE OF THE DISTRICT ATTORNEY,


            FOR ADDITIONAL INFORMATION PRESS PA1 KEY        * MCAS *

```
CASE NO. GA082478                           PAGE NO. 129
DEF NO.  01                                 DATE PRINTED 07/28/16
```

   FORENSIC SCIENCE SECTION, AS COUNSEL FOR THE PEOPLE OF THE STATE
   OF CALIFORNIA.

   *DUE TO LIMITED SPACING, MINUTE ORDER IS CONTINUED AT 2:30 P.M.*

NEXT SCHEDULED EVENT:
  02/25/16   230 PM  JUDICIAL ACTION   DIST CENTRAL DISTRICT DEPT 100


ON 02/25/16 AT  230 PM  IN CENTRAL DISTRICT DEPT 100

CASE CALLED FOR JUDICIAL ACTION
PARTIES: WILLIAM C. RYAN (JUDGE)  BLANCA PEREZ  (CLERK)
            NONE       (REP)  NONE  (DDA)
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  ******MINUTE ORDER CONTINUATION FROM 2/25/16 AT 2:00 P.M.*******


              FOR ADDITIONAL INFORMATION PRESS PA1 KEY         * MCAS *



**B⊙DE**
T E C H N O L O G Y
10430 Furnace Road, Suite 107
Lorton, VA 22079
Phone: 703-646-9740

**Forensic Case Report**
**June 10, 2019**

**To:**
Christa Hohmann
Directing Attorney
PCAC
12424 Wilshire Blvd #850
Los Angeles, CA 90025

**Bode Case #:** CCA1978-0106
**Agency Case #:** GA082478

Lee Cernok
Deputy District Attorney
Los Angeles County District Attorney's Office
320 West Temple Street, Suite 1180
Los Angeles, California 90012

**Subject:** Brian Lewis

**List of evidence received on April 4, 2019 for possible DNA analysis:**

| Bode Sample Name | Agency Sample ID | Agency Description |
|---|---|---|
| CCA1978-0106-E01 | People's Exhibit 10 | Bolt Cutters |

**STR Processing, Results, and Conclusions:**

The evidence was processed for DNA typing using the GlobalFiler® kit.

1.  The partial DNA profile obtained from sample CCA1978-0106-E01 is consistent with a mixture of three or more individuals including at least one male contributor. Due to the possibility of allelic drop out, no conclusions can be made on this mixture profile.

See **Table 1** for summary of alleles reported for each sample.

**Notes:**
1.  Testing performed for this case is in compliance with accredited procedures under the laboratory's ISO/IEC 17025 accreditation issued by ANAB. Refer to certificate and scope of accreditation for certificate number ALI-231-T.
2.  The results reported in this case were determined by procedures that have been validated according to the standards established in the FBI's Quality Assurance Standards for Forensic DNA Testing Laboratories.
3.  Evidence descriptions are based on the written descriptions of the samples by the submitting agency.
4.  The results apply to the items tested or data provided, as received.
5.  The opinions and interpretations included in this report are those of the undersigned analyst. This test report shall not be reproduced, except in full, without the written approval of the laboratory.
7.  The DNA extracts and submitted evidence will be returned to the Los Angeles Superior Court Exhibit Room.

**Bode Case #:** CCA1978-0106
**Agency Case #:** GA082478

Date: June 10, 2019

Report submitted by,

Elena Bemelmans, MS
DNA Analyst II

**Table 1: Analysis of Short Tandem Repeat Loci**

| Locus | CCA1978-0106-E01a1 |
|---|---|
| D3S1358 | 15, 16, (17), (18) |
| vWA | 17, 18 |
| D16S539 | No Results |
| CSF1PO | No Results |
| TPOX | No Results |
| Yindel | 2 |
| Amelogenin | X, (Y) |
| D8S1179 | 10, (12), 13, (14) |
| D21S11 | 28, 29 |
| D18S51 | No Results |
| DYS391 | No Results |
| D2S441 | (10), 11, (11.3), (12), (14) |
| D19S433 | 12, /13), 14, 16.2 |
| TH01 | 6, 7, 9.3 |
| FGA | (19), 22 |
| D22S1045 | (11), 15, 16 |
| D5S818 | 11, 12, 13 |
| D13S317 | 12, — |
| D7S820 | No Results |
| SE33 | No Results |
| D10S1248 | (12), 13, (14), 15 |
| D1S1656 | (13), (14), 15 |
| D12S391 | No Results |
| D2S1338 | 17, — |

( ) – Minor allele
--- - Possible additional alleles

Brian Dion Lewis
H.D.S.P. Bld. D4- #129
P.O. Box 3030
Susanville, Ca 96127

Legal Mail

ATTN: USDC Central District of California
To: Federal Building and U.S. Courthouse
255 E. Temple Street,
Los Angeles, CA    90012



Personal & CONFIDENTIAL



US POSTAGE PITNEY BOWES

ZIP 96130 $ 003.60⁰
02 1W
0001397487 SEP 27 2022



RECEIVED
CLERK, U.S. DISTRICT COURT

SEP 30 2022

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY