UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DION LEWIS, | No. 1:22-cv-01335 ADA GSA (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO STOP WITHDRAWING TEN PERCENT FOR FILING FEES |
| v. | |
| S. PARKS, | (ECF No. 20) |
| Defendant. | ORDER DENYING PLAINTIFF'S MOTION TO INFORM PRISON THAT HE DOES NOT OWE FILING FEE OF $297.00 |
| | (ECF No. 21) |
| | ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL |
| | (ECF No. 23) |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court are Plaintiff's motion to stop the withdrawal of filing fees from his account and his motion to inform High Desert State Prison that he does not owe the filing fee of $297.00.[1] ECF Nos. 20, 21. In addition, Plaintiff has filed a motion for the appointment of

---

[1] Although Plaintiff has titled these two filings differently, for ease of reference, throughout this

1

counsel. ECF No. 23. For the reasons stated below, all three motions will be denied at this time. The Court will, however, direct the Clerk of Court to direct the appropriate department to conduct an inquiry into the amount of the filing fee that remains to be paid by Plaintiff.

I.   FILING FEE MOTIONS

A. Relevant Facts

Plaintiff's complaint and application to proceed in forma pauperis were docketed on September 30, 2022, in the Central District of California in case number 2:22-cv-07172 CJC PD. ECF No. 1 at 1 (complaint); ECF No. 2 at 1 (in forma pauperis application). At that time, and at the time he filed the instant filing fee motions, he was incarcerated at High Desert State Prison ("HDSP").[2] See ECF No. 1 at 1 (address block); ECF No. 20 at 11 (proof of service of first filing fee motion); ECF No. 21 at 11 (proof of service of second filing fee motion).

On October 14, 2022, the Court in the Central District granted Plaintiff's application to proceed in forma pauperis without prepayment of filing fees. ECF No. 4. In so doing, the Court clearly stated at the outset that Plaintiff owed the filing fee of $350.00. Id. It also required Plaintiff to pay an initial partial filing fee of $200.00 upfront and to do so within thirty days. Id. Plaintiff was also informed that should he fail to pay the amount within that period, the case might be dismissed. Id.

On October 19, 2022, the matter was transferred to this District. ECF No. 6. On December 6, 2022, because it was believed that Plaintiff had still not paid the partial $200.00 filing fee, it was recommended that the matter be dismissed for failure to obey a court order. ECF No. 10. Plaintiff filed objections to the findings and recommendations. ECF No. 11. Eventually, it was determined that Plaintiff had in fact paid the partial $200.00 filing fee to the Central District of California, and the findings and recommendations were withdrawn. ECF No. 12. At that time, Plaintiff was given an additional period to pay the fee to the Eastern District of California. Id. at 2.

---

order, the Court refers to them as they have been identified herein.

[2] A recent notice of change of address filed by Plaintiff indicates that he is now housed at Kern Valley State Prison. See ECF No. 22.

1     Plaintiff has filed two motions related to his trust account continuing to be debited to pay
2 the $350.00 filing fee. See ECF Nos. 20, 21. Both are somewhat confusing with respect to
3 precisely what Plaintiff is asking the Court to do. The first one, docketed July 5, 2023, asks the
4 Court "to discontinue the initial order commencing this action on September 30, 2022, at the U.S.
5 District Court for the Central District application to proceed in forma pauperis ordering [him] to
6 pay the initial filing fee of $200.00." ECF No. 20 at 1. It also appears to ask the Court to issue an
7 order directing HDSP to "stop payment" (presumably on the Central District case) because he no
8 longer has a matter there. See id. at 2 (brackets added).
9     The second motion, which was docketed on August 1, 2023, states, in relevant part, that
10 after the $200.00 payment was withdrawn from his trust account at HDSP in October 2022, he
11 was informed by the Central District that the money would be returned to him because his case
12 was being transferred. See ECF No. 21 at 2. It further states that in April 2023, HDSP lifted the
13 ninety-day lien imposed on the return of the $200.00 that had been sent to the Central District,
14 and it then forwarded the $200.00 payment to the Eastern District. See id.
15     In an incredibly convoluted follow up statement, Plaintiff writes:

> Every check forwarded to this Court U.S. Central District of California was returned back to the payee but on the contrary this facility continues to withdraw 20% of [my] incoming gifts received and by means of institutional check, sending those check to Central District Court only to have those returns be subjected to a U.S. treasury Dept. 90-day lien.

ECF No. 21 at 3 (brackets added) (errors in original).

    Plaintiff continues, claiming that a total of $288.00 has been forwarded to the Central District, and that with the exception of the original $200.00 that was paid from his trust account, none of the other money drawn out of that account to pay the filing fee was returned to it. See ECF No. 21 at 4. He contends that these acts of HDSP are "malicious and wanton [and] done with great deliberance [sic] to impair [his] finances [and] to . . . insight provocation." Id. at 3 (brackets added) (errors in original). He further contends that the return of the checks sent to the

1  Central District clearly indicates that he no longer has a matter in front of that Court.[3]  Id.  As a
2  result, he asks the Court to issue an order which directs HDSP to end the twenty percent
3  withdrawal for the Central District case and correct the amount that he owes, which he states is
4  $62.00, not $297.00.  ECF No. 21 at 4.

        B.  Analysis

Plaintiff's filing fee motions ultimately ask the Court to:  (1) stop payment on the Central District matter; (2) state that he only owes $62.00 of the original $350.00 filing fee, and (3) direct that the alleged twenty percent debit to his trust account be stopped.  It has yet to be accurately determined which amounts taken from Plaintiff's trust account over time and sent to this Court – irrespective of which District received them – have been used to pay the filing fee.  As a result, the precise amount of the fee that Plaintiff still owes cannot be verified.  Consequently, to order that the fee percentage currently being withdrawn from Plaintiff's trust account be stopped completely would be premature.  For these reasons, both of Plaintiff's filing fee motions will be denied.

The Court does find, however, that the series of fund withdrawals from Plaintiff's trust account that have been used to pay the filing fee are unclear.  Therefore, the Clerk of Court will be ordered to direct the Financial Department to review Plaintiff's trust account statement, determine the precise amount of the filing fee that has been paid to date – in both the Central and Eastern Districts – and inform the Court and Plaintiff of said amount.

    II.   MOTION FOR THE APPOINTMENT OF COUNSEL

        A.  Argument in Support

In Plaintiff's motion for the appointment of counsel, Plaintiff argues, in part, that it should be granted because he is indigent; he has limited access to the law library; he has little experience with legal research, and his access to other prisoners with more legal knowledge has been limited given his current housing status.  ECF No. 23 at 2-5.

---

[3] Plaintiff also claims that advising HDSP that the withdrawals for the old Central District matter has led to prison authorities retaliating against him and writing him up for rule violations.  See ECF No. 21 at 3.

      B. <u>Applicable Law and Analysis</u>

   Law

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. <u>See</u> 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. <u>Id.</u> Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

   Analysis

Documents filed by Plaintiff to date indicate that he has done an adequate job of representing himself. His responses to court orders indicate that he has a solid comprehension of what is being asked of him. <u>See, e.g.</u>, ECF No. 11 (Plaintiff's objections to findings and recommendations); ECF No. 13 (Plaintiff's notice of filing fee payment). Since this case was opened, Plaintiff has also filed multiple motions in this Court. <u>See</u> ECF Nos. 14-18, 20-21, 23. This indicates a general understanding on his part of how to move this case forward. Because this matter has not yet been screened a determination regarding the success of this case on the merits cannot be done at this time.

For these reasons, having considered the factors under <u>Palmer</u> as best as possible, the Court finds that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Therefore, the motion will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to stop the withdrawal of ten percent from his trust account in order to pay filing fees (ECF No. 20) is DENIED;

2.  Plaintiff's motion that the Court issue an order stating that he does not owe $297.00 in filing fees (ECF No. 21) is DENIED, and

3.  Plaintiff's motion for the appointment of counsel (ECF No. 23) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall:

1.  Direct the Financial Department to investigate and determine precisely how much of the $350.00 filing fee Plaintiff has paid to date in both the Eastern and Central Districts, and

2.  After making said determination, send Plaintiff a copy of his financial history reports from both the Central and Eastern Districts and note on the docket when this has been done.

IT IS SO ORDERED.

Dated:   **November 14, 2023**                    **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE

6